CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2016

JULIA DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:11CR00053-01 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| BENJAMIN LEE STOWERS, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

Defendant Benjamin Lee Stowers has moved for a reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Stowers' motion must be denied.

## Background

On January 30, 2012, Stowers entered a plea of guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Prior to sentencing, the probation officer prepared a presentence report, which designated Stowers as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable Guidelines range based on that provision. Stowers' attorney filed an objection to the career offender designation. At the time of sentencing, the court overruled the objection and found that Stowers qualified as a career offender. In light of the career offender designation, the Guidelines range of imprisonment was 168 to 210 months. However, based on the age of Stowers' prior convictions, as well as his physical and mental condition, the court departed downward and imposed a 150-month sentence.

Stowers now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under § 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Stowers that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1.

The Office of the Federal Public Defender was appointed to represent Stowers. An attorney in the office has filed a brief in support of Stowers' motion. The motion is ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c).[1] United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

In this case, Stowers' applicable guideline range was his career offender range of 168 to 210 months, which was calculated pursuant to § 4B1.1 of the Sentencing Guidelines. As other courts

---

[1] To the extent Stowers suggests that a sentence reduction is also permitted under Rule 36 of the Federal Rules of Criminal Procedure, such argument is without merit. See United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003) ("Rule 36 can be used to correct 'clerical' errors; it cannot be used . . . to make a substantive alteration to a criminal sentence."); see also United States v. Hunt, 400 F. App'x 725 (4th Cir. 2010) (explaining that a belated challenge to a Guidelines calculation "cannot be remedied by way of a Rule 36 motion").

2

have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, Stowers' applicable guideline range was not affected by Amendment 782. Although the court ultimately departed downward at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively-applicable amendments to the Sentencing Guidelines, Stowers is not eligible for a sentence reduction under § 3582(c)(2).[2] See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance.") (internal citation and quotation marks omitted).

---

[2] To the extent Sowers challenges his classification as a career offender, such challenge falls outside the scope of the proceeding authorized by § 3582(c)(2). See Dillon, 560 U.S. at 825-27 (explaining that § 3582(c)(2) permits sentence reductions only within the narrow bounds established by the Sentencing Commission and does not authorize a full resentencing); United States v. Jones, 533, F. App'x 338, 339 (4th Cir. 2013) (holding that a defendant could not use a § 3582(c)(2) motion to challenge his classification as a career offender, since the career offender provisions were unaffected by the Guidelines amendment on which the motion was based).

For these reasons, Stowers' motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 9th day of May, 2016.

/s/ Jon Conrad
Chief United States District Judge